RICHARD LEIBMAN, an Infant, by His Guardian ad Litem, RICHARD E. LEIBMAN, and RICHARD E. LEIBMAN, Respondents, v. EIGHTEENTH SCHOOL DISTRICT OF THE TOWN OF HEMPSTEAD, Appellant.— In an action to recover for injuries to the infant plaintiff, who was injured by glass that fell from a panel in a school building door which he was attempting to open, and for loss of services, judgment in favor of plaintiffs and order denying defendant's motion for a new trial unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.

MARY L. McCORMICK, Appellant, v. JEROME MAYER, Respondent.— Order granting in part and denying in part the plaintiff's motion for examination of the defendant before trial modified by adding to the items of examination the following: " The manner in which the defendant operated his motor vehicle before and at the time of the accident. The acts and conduct of the plaintiff while crossing the street at and preceding the time that she was struck by the defendant's automobile." As so modified the order, so far as appealed from, is affirmed, without costs; examination to proceed at the place appointed in the order on five days' notice. No opinion. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

MORRIS NEINKEN, Appellant, v. SAMUEL BRILL, Respondent; BROOKLYN TRUST COMPANY and BARR BROS. & Co., INC., Defendants.— In an action for the conversion of certain bonds which were admittedly stolen and shortly thereafter negotiated to defendant Brill, judgment, entered on a directed verdict for said defendant, reversed on the law and a new trial granted, with costs to abide the event. When the plaintiff made proof that the bonds were stolen, the burden was on defendant Brill to prove that he, or the person under whom he claimed, acquired the title in good faith (Neg. Inst. Law, § 98), and that he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. (Neg. Inst. Law, § 91.) Defendant Brill was not a dealer in bonds and did not receive these bonds in the usual course of business. The evidence indicated such circumstances in acquiring the title by him as would create suspicion concerning his good faith and his lack of notice or knowledge of the infirmity in the title of the person from whom he is alleged to have purchased. The inferences and the probabilities, as well as the credibility of the witnesses, are matters for the consideration of a jury in determining the questions of fact. (*C. N. Bank* v. *Diefendorf*, 123 N. Y. 191; *New York Bankers, Inc.*, v. *Duncan*, 257 id. 160; *Harter* v. *Peoples Bank of Buffalo*, 221 App. Div. 122.) Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

IRVING PARNES, Appellant, v. FRANK PELCYGER, Respondent.— Judgment dismissing the complaint at the close of plaintiff's case in an action for alienation of affections, brought against his father-in-law, unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT DE STEFANO, Appellant, v. LEWIS E. LAWES, Esq., Warden of the State Prison, at Ossining, New York, Respondent.— Order dismissing writ of habeas corpus affirmed. No opinion. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

LILLY W. WHITSON, Respondent, v. LINDELL T. BATES, Appellant.— Judgment in an action for the foreclosure of a mortgage unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.